IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LYNETTE JONES, LELAND JONES, SHAWN NORWOOD, FRANK LINDNER and JASON SAENZ, on their own behalf and on behalf of all others similarly situated,**

        29 U.S.C. § 216(b) Collective Action

    **Plaintiffs,**

vs.        No. 09-CV-1002

**PREMIER.NET, LLC, d/b/a PREMIER TRANSPORTATION,**

    **Defendant.**

**PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT**
**(29 U.S.C. § 216(b) and NMSA 1978 § 50-4-26(D))**

COME NOW the Plaintiffs, on their own behalf and on behalf of all others similarly situated, by and through their counsel, **YOUTZ & VALDEZ, P.C.** (Shane Youtz and Brandt Milstein), and for their complaint against Defendant allege as follows:

### Introduction

1.    Plaintiffs, current and former employees of Defendant Premier Transportation, were hired by Defendant to transport, in company vehicles, Defendant's clients to and from health care appointments throughout the state of New Mexico. In completing their job duties, Plaintiffs worked well beyond 40 hours in many given work weeks. Plaintiffs are suing on behalf of a proposed class of all current and former employees of Defendant because Defendant failed to pay them overtime

wages owed and made illegal deductions from their timesheets and paychecks. Defendant also failed to reimburse Plaintiffs for expenses incurred in operating company vehicles.

2. Plaintiffs seek to recover back pay, compensatory, punitive and liquidated damages as a result of Defendant's failure to pay employees for all hours worked, for Defendant's failure to pay overtime wages as required by law and for Defendant's failure to reimburse expenses.

3. Plaintiffs bring this action under the federal Fair Labor Standards Act (29 U.S.C. § 201 et seq.) (the "FLSA"), the New Mexico Minimum Wage Act (NMSA 1978 § 50-4-1 *et seq.*) (the "NMMWA"), and state common law causes of action.

## Jurisdiction and Venue

4. This Complaint alleges a federal cause of action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331. This Complaint also alleges causes of action under the laws of the State of New Mexico, including the New Mexico Minimum Wage Act, NMSA § 50-4-1 *et seq.*, which arise out of the same set of operative facts as the federal cause of action and which would be expected to be tried in a single judicial proceeding with the federal claims. Accordingly, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

5. This Court enjoys personal jurisdiction over Defendant, Premier Transportation, because Defendant resides in, and systematically conducted and conducts business in, the state of New Mexico.

6. At all relevant times, Plaintiffs and other similarly situated employees are or were residents of the State of New Mexico.

7. Most or all of the events and conduct giving rise to the claims in this action occurred

in this Judicial District. Venue is thus proper in this jurisdiction pursuant to 28 U.S.C. §1391.

## General Allegations

8. Plaintiffs work or worked for Defendant, often for more than 40 hours per week, driving company vehicles to transport clients to and from health care appointments throughout New Mexico.

9. Rather than paying Plaintiffs and other similarly-situated employees at a time-and-one-half overtime rate for hours worked over forty in a given work week, Defendant paid these employees at their regular rate of pay via a "comp time" system for hours worked in excess of 40 in a given work week. Defendant's failure to pay overtime wages violates state and federal wage and hour statutes. (See, 29 U.S.C. § 207(o) authorizing "comp time" agreements *for public employers only*, and requiring that such comp time accrue at one and one-half hours for each hour of employment.).

10. Defendant also made unlawful meal break deductions from these employees' paychecks in violation of state and federal wage protection laws. (See, 29 C.F.R. 785.19). Defendant deducted meal break periods despite the fact that its employees were not completely relieved from duty during the meal break periods deducted and despite the fact that many employees did not take meal breaks whatsoever.

11. Defendant also failed to pay for hours worked, making unauthorized time deductions from employees' timesheets. These deductions include, but are not limited to, Defendant's failure to pay for actual hours worked on days when holiday pay was provided.

12. Defendant also failed to reimburse Plaintiffs for vehicle maintenance costs fronted by Plaintiffs on behalf of Defendant, and failed to reimburse Plaintiffs for the costs of traffic citations

issued as a result of Defendant's failure to maintain insurance policies on company vehicles.

13. Plaintiffs and other employees are not exempt from the wage payment protections of the federal Fair Labor Standards Act or the New Mexico Minimum Wage Act. They were paid by the hour and are entitled to receive one and one-half times their hourly rate for work beyond forty hours per week under both state and federal law. Similarly, these employees are protected from unlawful deductions from their paychecks by both state and federal law.

14. Plaintiffs and other employees were employed by Defendant and did perform work for Defendant in the last three years.

15. Defendant's failure to pay wages and overtime wages was willful.

## Collective Allegations

16. Plaintiffs bring this action as a collective action, pursuant to 29 U.S.C. § 216(b) and NMSA 1978 § 50-4-26(D), on behalf of themselves and on behalf of all similarly situated employees employed by Defendant.

17. The time periods relevant to delimiting the Class are as follows: The FLSA provides a three-year statute of limitations for claims involving a willful violation of the act. 29 U.S.C. § 255(a). The NMMWA provides a three-year statute of limitations for all claims brought under the Act, and also provides that employees may recover all wages owed, regardless of the date of the violation of the Act, where the employer engaged in a continuing course of conduct in violating the Act. NMSA 1978 § 50-4-32.

18. The individuals in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such individuals is currently unknown, Plaintiffs believe that the number of people employed by Defendant to drive clients to and from health care

appointments during the statutory periods exceeds 300.

19. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members,

**Count I – Violation of the New Mexico Minimum Wage Act (NMSA 1978 § 50-4-1 *et seq.*)**

20. Plaintiffs incorporate herein the previous allegations of this complaint.

21. Plaintiffs and other employees were not paid overtime wages due to them, and were subject to unauthorized deductions from their paychecks, in violation of the New Mexico Minimum Wage Act, NMSA 1978 § 50-4-1 *et seq*.

22. As a direct and proximate result of Defendant's failure to pay wages, Plaintiffs have suffered damages in the forms of lost wages and lost use of such wages.

23. Plaintiffs are entitled to their wages and overtime wages owed, plus an amount equal to twice the wages owed in liquidated damages, as well as attorney fees and costs. NMSA 1978 § 50-4-26.

24. All hourly employees of Defendant are similarly situated such that this case should be certified for a collective action under NSMA 1978 § 50-4-26(D).

**Count II – Violation of the FLSA (29 U.S.C. § 201 *et seq*.)**

25. Plaintiffs incorporate herein the previous allegations of this complaint.

26. Defendant's failure to pay Plaintiffs and other employees at one and one half times their regular rate of pay, for hours in excess of 40 in a given work week, as well as Defendant's illegal deductions from Plaintiffs' and other employees paychecks, violated the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, 215, 216.

27. Defendant's failure to pay wages due was willful.

28. As a direct and proximate result of Defendant's failure to pay wages, its hourly employees, including Plaintiffs, have suffered damages in the form of lost wages and lost use of such wages.

29. The FLSA, at 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney fees.

30. All hourly employees of Defendant are similarly situated such that this case should be certified for a collective action under 29 U.S.C. § 216(b).

### Count III – Breach of Contract

31. Plaintiffs incorporate herein the previous allegations of this complaint.

32. As part of the employment relationship, Defendant promised to reimburse Plaintiffs for expenses incurred by Plaintiffs in maintaining the company's vehicles and for other costs incurred related to the operation of the company's vehicles.

33. Plaintiffs agreed to work for Defendant based, in part, on Defendant's commitment to reimburse Plaintiffs for vehicle maintenance costs.

34. Defendant breached its express and implied contract with Plaintiffs by failing to reimburse them for vehicle maintenance and for other costs incurred related to the operation of the company's vehicles.

35. Defendants' breach proximately caused Plaintiff to suffer damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray that:

a. The Court determine that this action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and NMSA 1978 § 50-4-26(D);

b. They be awarded compensatory damages;

c. They be awarded punitive damages;

d. They be awarded liquidated damages as permitted by law;

e. The Court award Plaintiffs and the class they represent pre-judgment and post-judgment interest as permitted by law;

f. The Court order that Defendant pay Plaintiffs costs and attorney fees as per 29 U.S.C. § 216(b) and NMSA 1978 § 50-4-26(E).

g. The court award Plaintiffs and the class members such other and further relief as may be necessary and appropriate.

Dated: October 22, 2009

Respectfully submitted,

**YOUTZ & VALDEZ, P.C.**

/s/
Brandt Milstein (brandt@youtzvaldez.com)
Shane C. Youtz (shane@youtzvaldez.com)
900 Gold Avenue S.W.
Albuquerque, NM 87102
(505) 244-1200
*Attorneys for Plaintiffs*